# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| JESTICA IVEY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| CRESTWOOD MEDICAL ) | JURY TRIAL DEMANDED |
| CENTER, ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

## JURISDICTION

1. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

3. This Complaint seeks legal and equitable relief for the defendant's retaliatory discharge in violation of Ala. Code § 25-5-11.1 brought pursuant 28 U.S. Code § 1367.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory

act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5. Plaintiff, Jessica Ivey, ("Plaintiff" or "Ivey") is a resident of Athens, Limestone County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

6. Defendant Crestwood Medical Center ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

7. Defendant employs more than 500 employees.

## FACTS

8. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

9. Jessica Ivey is Asian.

10. Ivey began her employment with defendant on or about March 3, 2020, as a Weekend ER Nurse.

11. Because she was a midshift nurse, Ivey reported to Defendant's employee night shift Charge Nurse Tina Simon for a portion of her shift and also another day shift Charge Nurse.

12. Shortly after Ivey began working Simon began making hateful racists comments and refused to let Ms. Ivey speak.

13. On one occasion, Simon told Ivey, who is Asian, that the "China virus is from your people."

14. Simon told the other nurses not to help Ivey.

15. Simon told Ivey to "shut it" and "don't speak".

16. Ivey was also given a scheduled lunch time.

17. Other nurses, who were not Asian were allowed to schedule their lunches as they pleased.

18. On May 21, 2020, Simon slapped Ivey on the bottom and ordered her to "get back to work".

19. On or about June 12, 2021, Ivey reported Simon to John Crow, her supervisor.

20. Ivey told Crow that she believed that Simon was discriminating against her because of her race.

21. Crow replied that he did not think Simon was racist.

22. After Ivey complained to Crow about this discrimination and harassment, Crow spoke to Simon, who admitted most of the allegations.

23. Despite Simon's admissions, Crow refused to investigate the physical touching, because it was not caught on camera.

24. On or about July 3, 2020, Plaintiff also sent an email to Crow and Bob Philips, the Emergency Services Director detailing her concerns.

25. In her email, she described how Simon's physical touch made her feel uncomfortable, because she was a sexual assault survivor.

26. Ivey also reiterated that she felt she was being discriminated against by Simon.

27. That same day, Ivey met with Phillips and Chris Darnell about her concerns with Simon.

28. However, after refusing to investigate Ivey's complaint, Defendant accused Ivey of diverting medicine.

29. Ivey had not diverted medicine and offered to take a drug test.

30. In fact, there had been only one incident that could have resulted in a miscount, but it was caught while doing the count and immediately corrected.

31. During the meeting, Philips told Ivey that he, and others believed her to be erratic, paranoid, and weird.

32. Ivey asked Philips to explain what behavior she had displayed that supported his claims, but he refused to explain.

33. Further, prior to her complaints, Ivey received a 90 day evaluation and there was no mention of any erratic, strange or weird behavior.

34. Ivey had no patient complaints or other discipline in her file until she began complaining about Simon.

35. When Plaintiff detailed her complaints Phillips and Darnell suspended Ivey pending the investigation.

36. After Ivey was suspended, Simon began to tell the other nurses that Ivey was not sick, instead that she was being investigated for improper drug handling, an infraction that could have resulted not just in the loss of her job, but also her nursing license.

37. Defendant required that Ivey take a drug screen.

38. Ivey complied and the drug screen was negative.

39. There were no medication miscounts.

40. Defendant did not keep the investigation secret as the staff knew she was suspended pending the results of this drug screen.

41. On July 9, 2020, Defendant determined that Ivey had not miscounted any medication.

42. Despite being exonerated, Defendant did not return Ivey to work.

43. Instead, on July 16, 2020, Defendant replaced Ivey.

44. Ivey's replacement was not Asian.

45. Ivey's replacement had not reported discrimination.

46. On or about August 6, 2020, Defendant notified Ivey that she would not be allowed to return to work because of her claims against the hospital.

## COUNT I- 42 U. S. C. § 1981 DISCHARGE

47. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

48. Ivey is a person of Asian ancestry.

49. Ivey was qualified for her position as a registered nurse.

50. On or about July 3, 2020, Defendant placed Plaintiff on a leave to investigate allegations of drug diversion.

51. Ivey had not diverted drugs.

52. On or about July 12, 2020, Defendant determined that Ivey had not diverted drugs.

53. On or about July 16, 2020, Defendant hired a nurse to replace Ivey.

54. Ivey's replacement was not Asian.

55. On or about August 6, 2020, Defendant terminated Ivey's employment citing a lack of work and Plaintiff's complaints against the hospital. There was no lack of work.

56. Other employees, who were accused of and exonerated of pill diversion were not terminated.

57. Because of Defendant's discriminatory decision made because of her race, Ivey has lost pay and continues to be paid less.

58. Because of Defendant's violation of 42 U. S. C § 1981, Ivey has been damaged, suffering loss of pay, benefits, and mental anguish.

59. Defendant's decision to terminate Ivey's employment was made, in whole or part, because of her race in violation of 42 U. S. C. § 1981.

60. Because of Defendant's violation of 42 U. S. C. § 1981, Ivey has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT II- TITLE VII RACE HOSTILE WORK ENVIRONMENT**

61. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

62. Tina Simon harassed Ivey because of her race.

63. Simon, was in a leadership position, able to take tangible employment actions concerning the terms and conditions of Ivey's employment, including lunch scheduling and work assignments.

64. Simon's harassing behavior included racial comments,

65. Simon's harassing conduct included unconsented physical touching.

66. Simon's harassing conduct included changing Ivey's lunch schedule, while allowing employees who were not Asian to schedule their own lunches.

67. Simon's harassing conduct included assigning Ivey more laborious work and forbidding other nurses from helping Ivey with her patients when it was common practice for nurses to help each other.

68. The harassment altered the terms and conditions of Ivey's employment and created a hostile work environment for Plaintiff.

69. Plaintiff reported Tina Simon's harassing behavior to John Crowe, Chris Darnell, and Bob Phillips.

70. Mr. Crowe, Mr. Darnell and Mr. Phillips failed to take prompt remedial action to remedy the harassment.

71. Ivey suffered damages because of the hostile work environment including loss of pay, benefits, and mental anguish.

**COUNT III- 42 U. S. C. § 1981 HOSTILE WORK ENVIRONMENT**

72. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

73. Tina Simon harassed Ivey because of her race.

74. Simon, was in a leadership position, able to take tangible employment actions concerning the terms and conditions of Ivey's employment, including lunch scheduling and work assignments.

75. Simon's harassing behavior included racial comments,

76. Simon's harassing conduct included unconsented physical touching.

77. Simon's harassing conduct included changing Ivey's lunch schedule, while allowing employees who were not Asian to schedule their own lunches.

78. Simon's harassing conduct included assigning Ivey more laborious work and forbidding other nurses from helping Ivey with her patients when it was common practice for nurses to help each other.

79. The harassment altered the terms and conditions of Ivey's employment and created a hostile work environment for Plaintiff.

80. Ivey reported Tina Simon's harassing behavior to John Crowe, Chris Darnell, and Bob Phillips.

81. Mr. Crowe, Mr. Darnell and Mr. Phillips failed to take prompt remedial action to remedy the harassment.

82. Ivey suffered damages because of the hostile work environment including loss of pay, benefits, and mental anguish.

**COUNT IV- TITLE VII RETALIATION**

83. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

84. Ivey was qualified for her position as registered nurse and able to perform the essential functions of the job.

85. On or about June 12, 2020, Ivey reported racial discrimination by Simon.

86. On or about July 3, 2020, Defendant placed Plaintiff on a leave to investigate allegations of drug diversion.

87. Ivey had not diverted drugs.

88. On or about July 12, 2020, Defendant determined that Ivey had not diverted drugs.

89. On or about July 16, 2020, Defendant hired a nurse to replace Ivey.

90. Ivey's replacement was not Asian.

91. On or about August 6, 2020, Defendant terminated Ivey's employment citing a lack of work and Plaintiff's complaints against the hospital. There was no lack of work.

92. Other employees, who were accused of and exonerated of pill diversion were not terminated.

93. Because of Defendant's discriminatory decision made because of her race, Ivey has lost pay and continues to be paid less.

94. But for Ivey's protected activity, Defendant would have retained Plaintiff in her position as an Emergency Room Nurse.

95. Defendant violated the Title VII by terminating Ivey for engaging in protected activity.

96. Because of Defendant's violation of the Title VII, Ivey has been damaged suffering loss of pay, benefits, and mental anguish.

**COUNT V- 42 U. S. C. § 1981 RETALIATION**

97. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

98. Ivey was qualified for her position as registered nurse and able to perform the essential functions of the job.

99. On or about June 12, 2020, Ivey reported racial discrimination by Simon.

100. On or about July 3, 2020, Defendant placed Plaintiff on a leave to investigate allegations of drug diversion.

101. Ivey had not diverted drugs.

102. On or about July 12, 2020, Defendant determined that Ivey had not diverted drugs.

103. On or about July 16, 2020, Defendant hired a nurse to replace Ivey.

104. Ivey's replacement was not Asian.

105. On or about August 6, 2020, Defendant terminated Ivey's employment citing a lack of work and Plaintiff's complaints against the hospital.

106. There was no lack of work.

107. Other employees, who were accused of and exonerated of pill diversion but who had not complained of racial discrimination were not terminated.

108. Because of Defendant's discriminatory decision made because of her race, Ivey has lost pay and continues to be paid less.

109. Ivey's protected activity was a motivating factor in Defendant's decision not to retain Plaintiff in her position.

110. Defendant violated the 42 U. S. C. § 1981 by terminating Ivey in whole or in part for engaging in protected activity.

111. Because of Defendant's violation of the 42 U. S. C. § 1981, Ivey has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and

at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

  B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

  C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

  D. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

  E. Attorneys' fees and costs;

  F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

  G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

/s/ Kira Fonteneau<br>
Kira Fonteneau (FON007)<br>
/s/ Rachael Schexnailder<br>
Rachael Schexnailder (SCH145)

**OF COUNSEL:**

The Fonteneau Firm LLC
2 20th Street North, Suite 900
Birmingham, Alabama 35203
T: 205.564.9005 F: 205.564.9006

## PLEASE SERVE DEFENDANT AS FOLLOWS

**Crestwood Medical Center**

**1 Hospital Way**

**Huntsville, AL 35803**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**JESSICA IVEY,**

    **PLAINTIFF,**

**VS.**                                                            **CV NO.:**

**CRESTWOOD MEDICAL CENTER,**
    **DEFENDANT.**                          **JURY TRIAL DEMANDED**

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA<br>_X_ EEOC | 420-2020-02649C |

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jessica Ivey | (b) (7)(C) 1 line redacted | |

| Street Address | City, State and ZIP Code |
|---|---|
| (b) (7)(C) 1 line redacted | Athens, AL 35611 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Crestwood Medical Center | Approx. 1,000 + | (256) 429-4000 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Hospital Drive Southwest, | Huntsville, AL 35801 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE  __ COLOR  __ SEX  __ RELIGION  _X_ NATIONAL ORIGIN

_X_ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest           Latest
                   08/10/2020

__ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I was formerly employed by Crestwood Hospital as an Emergency Room nurse. I began my employment in or around March, 2020. Almost immediately I began to suffer discrimination based on race at the hands of my immediate supervisor and, when I complained of said discrimination, I was suspended from my role and subsequently terminated.

I believe I was discriminated and retaliated against, and terminated, in violation of Title VII of the Civil Rights Act. I am filing this Charge on behalf of myself and all others similarly-situated.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

9-23-20
Date     Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**JESSICA IVEY,**

    **PLAINTIFF,**

**VS.**　　　　　　　　　　　　**CV NO.:**

**CRESTWOOD MEDICAL CENTER,**
    **DEFENDANT.**　　　　**JURY TRIAL DEMANDED**

# EXHIBIT B

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jessica L. Ivey<br>(b) (7)(C) 1 line redacted<br>Athens, AL 35611 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02649 | MICHAEL COCHRAN,<br>Investigator | (205) 651-7047 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for James C Love Sr*

**BRADLEY A. ANDERSON,**
**District Director**

c/o

**MAY 6 - 2021**

(Date Issued)

Enclosures(s)

cc:   Crestwood Healthcare, LP
Rhea E. Garrett, II
Corporation Service Company, Inc
641 S LAWRENCE ST
Montgomery, AL 36104